UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARIS DITCHARO, EUGENE GALLAND, BRETT MAJORIA, AND OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO. 08-3648 |
| UNITED PARCEL SERVICE | SECTION "N" (3) |

## ORDER AND REASONS

Defendant, United Parcel Service, removed this matter from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on June 5, 2008. Presently before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 7). For the reasons stated herein, **IT IS ORDERED** that Plaintiffs' motion is **DENIED**. **IT IS FURTHER ORDERED** that, within seven (7) working days from entry of this Order and Reasons, Defendant must file a responsive pleading to Plaintiffs' petition. Accordingly, Defendant's Ex Parte Motion for Extension of Time and/or Stay (Rec. Doc. 8) is **MOOT**.

## BACKGROUND

Plaintiffs, Paris Ditcharo, Eugene Galland, and Brett Majoria ("Plaintiffs), were hired by Defendant between August 29, 2005, and December 25, 2005. Plaintiffs contend that, although they purportedly were hired as full-time, "permanent" employees, rather than seasonal, temporary

1

employees, they later were terminated, or changed to part-time or non-driver employees, at the end of the seasonal peak, *i.e.* between December 25, 2005, and January 25, 2006. Plaintiffs purport to sue on behalf of themselves and at least 70 other individuals allegedly hired under the same circumstances as Plaintiffs.

This actually is not the first time that this Court has dealt with this dispute. Rather, Plaintiffs Ditcharo and Majoria previously filed a putative class action in this Court based on the same factual circumstances. *See Brett M. Majoria, Paris Ditcharo, and Others Similarly Situated v. United Parcel Service, Inc.*, Civil Action No. 06-11266. On January 17, 2008, however, this Court, having already provided them with an opportunity to sufficiently amend their class action allegations, determined that Ditcharo and Majoria still had not satisfied the pleading requirements of Local Rule 23.1. Accordingly, the Court granted Defendant's motion to dismiss insofar as it ordered Ditcharo's and Majoria's class action claims dismissed without prejudice, and stated that those plaintiffs would be allowed, at most, to proceed with respect to only their individual claims. In addition, the Court found that Ditcharo and Majoria had not sufficiently pled that the monetary recovery sought by them satisfied the amount in controversy requirement established by 28 U.S.C. § 1332. Accordingly, the Court ordered that Ditcharo and Majoria amend their pending claims to remedy this pleading deficiency.

Thereafter, rather than amending their complaint a second time, Ditcharo and Majoria filed an unopposed motion seeking dismissal without prejudice of their remaining, individual claims. According to the motion, their additional investigation revealed that neither of them could claim damages equaling or surpassing $75,000 exclusive of interest and costs. *See* Civil Action No. 06-11266 (Rec. Doc. 46). The Court granted the motion on January 29, 2008.

2

A little more than a month later, on March 7, 2008, Plaintiffs here filed the instant suit as a putative class action in state court. Asserting diversity of citizenship jurisdiction under §1332, Defendant removed the action to this Court on June 5, 2008. In response, Plaintiffs urge that no plaintiff's claims exceeds $75,000, exclusive of interest and costs,[1] and, with their motion to remand, seek to return to state court.

## LAW AND ANALYSIS

Generally, a defendant may remove a ciil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit law, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damages figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The same holds

---

[1] There is no dispute as to the parties' diversity of citizenship.

true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

In this instance, however, Plaintiffs filed their action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar*, 47 F.3d at 1412). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id*. The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Walmart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *Id.*, 47 F.3d at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

4

*Id*. at 1412, n. 10. Significantly, in Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc*., Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003) (Vance, J.).[2]

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia,* 233 F .3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,*No. 06-7624, 2007 WL 97062, *2 (E.D. La. 2007) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La. 2005) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits,

---

[2] In *Engstrom v. L-3 Communications Government Services, Inc*., Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id*.

and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Here, Plaintiffs' petition and accompanying verification contain a binding stipulation regarding their anticipated recovery.[3] Specifically, ¶VII of the petition, entitled "Damages," states:

> As a result of the breach of contract by UPS and the detrimental reliance of Plaintiffs set forth herein above, Plaintiffs were denied the benefit of their identical bargain with UPS, and each are entitled to all available injunctive, equitable and legal relief, according to the evidence. Plaintiffs Paris Ditcharo, Eugene Galland, and Brett Majoria certify to this Court that their damages do not and cannot exceed $75,000, exclusive of interest and costs. Furthermore, should the Court award $75,000 or more neither [sic], no Plaintiff would accept amounts equal to or great than $75,000 exclusive of interest and costs. This is their irrevocable declaration.[4]

The last paragraph of the petition, entitled "Prayer for Relief" additionally states:

> Wherefore, Plaintiffs Paris Ditcharo, Eugene Galland, Brett Majoria, and others similarly situated pray that this, their Petition for Damages, be cited and served on Defendant United Parcel Service, Inc., that Defendant United Parcel Service, Inc., be required to answer same, that after due proceeding had, this action be maintained as a Class Action under La. C.C.P. Art. 591, that judgment be

---

[3] Although prohibiting the inclusion of a "specific monetary amount of damages" in the petition, Article 893 allows, among other things, a general allegation that the damages at issue are insufficient to provide federal court diversity jurisdiction. *See* La. Code Civ. Proc. art. 893(A)(1).

[4] The "Verification and Certification" accompanying the petition, and bearing the signatures of Ditcharo, Galland, and Majoria similarly states:

> Plaintiffs Paris Ditcharo, Eugene Galland, and Brett Majoria certify to this Court that their damages do not and cannot exceed $75,000, exclusive of interest and costs. Furthermore should the Court award $75,000 or more, no Plaintiff would accept amounts equal to or great than $75,000 exclusive of interest and costs. This is their irrevocable declaration.

6

> rendered for Plaintiffs Paris Ditcharo, Eugene Galland, Brett Majoria, and others similarly situated and against Defendant United Parcel Service, Inc., in an amount to be determined as equitable under the circumstances, as well as for all costs of these proceedings and legal interest from the date of economic loss computed according to the law of Louisiana.

Plaintiffs contend that the "Damages" paragraph, ¶VII, and the accompanying "Verification and Statement," render the amount of controversy for this matter below that required for jurisdiction under § 1332. Although recognizing the initial appeal of Plaintiffs' argument, the Court disagrees. Rather, notwithstanding this binding limitation, the Court finds that Defendant, given the particular circumstances present here, has borne its burden of demonstrating, by a preponderance of the evidence, that at least one plaintiff's claimed recovery likely exceeds $75,000, exclusive of cost and interest. The Court additionally finds that Plaintiffs have not responded by demonstrating with legal certainty that the contrary actually is true.

Specifically, Plaintiffs' present petition alleges, in ¶VI: "Upon information and belief, . . . permanent, non-seasonal drivers with UPS typically enjoy high wages, comprehensive employment benefits and long periods of stable employment." According to Plaintiffs, they and approximately 70 similarly situated persons were promised positions as permanent, non-seasonal UPS drivers, but then shortly after were denied the benefit of this bargain upon which they had reasonably relied. Significantly, moreover, Defendant's Notice of Removal and the accompanying affidavit from Roman Williams, Human Resources Manager of the Gulf South District of United Parcel Service, Inc., provides important information regarding the compensatory value of these positions. *See* June 5, 2008 Notice of Removal and Exhibit B thereto (Rec. Doc. 1 and 1- 4).

In particular, examination of the Notice of Removal and affidavit reveal that a full-time, entry-level UPS worker could expect to earn wages totaling $30,576 for the first year of

employment, based on a regular hourly wage of $14.70 and a 40-hour workweek. *See* Notice of Removal, ¶VIII; Williams Affidavit ¶¶ 8-10. Further, the hourly rate for overtime for the first year was $22.05. Based on a regular hourly wage of $16.80, the same worker could expect to earn $34,944 for the second year of employment. *See* Notice of Removal, ¶VIII; Williams Affidavit ¶¶ 9-10. Benefits in 2006 had a value of at least $24,112 per year, and have not decreased since then. *See* Notice of Removal, ¶VIII; Williams Affidavit ¶¶ 8-9.

Although the Court disagrees with Defendant's assertion that the relevant lost period of employment should be assumed to extend from the end of December 2005, or early January 2006, until June 2008, the Court is convinced that it is more probable than not that plaintiffs who allegedly left other employment to accept jobs as "permanent non-seasonal drivers" who "typically enjoy long periods of stable employment, high wages, comprehensive employment benefits and long periods of stable employment," actually desired and expected, and thus seek damages for, full-time employment of lasting more than a year. Significantly, for instance, lost wages and benefits for 18 months, added together, exceed $75,000. Although statistical evidence might show that very few entry-level "permanent non-seasonal drivers" actually remain so employed with Defendant for that long, thus rendering use of an 18-month period in determine amount in controversy inappropriate, such evidence has not been put forth in connection with Plaintiffs' motion. Thus, the Court considers the monetary figures provided by Defendant in light of the allegations set forth in ¶VI of the petition, and finds that §1332's jurisdictional amount is satisfied for least one plaintiff to this action.

Furthermore, though the named plaintiffs have waived any recovery of damages in excess of $75,000, the same cannot be said of the unnamed putative class members. Absent

evidence of waiver authority granted by the unnamed class members to the named plaintiffs, and given that the named plaintiffs had not been accepted and authorized as class representatives of a certified class, as of the time of removal, the Court does not find the named plaintiffs' waiver of damages to limit the damage claims of the unnamed plaintiffs. *Manguno*, 276 F.3d at 724 ("improbable that Manguno can ethically unilaterally waive the rights of the putative class members"); *De Aguilar v. Boeing Co.*, 47 F.3d at 1413-15 (plaintiffs could not limit damages without authority to bind the estates of decedent victims); *Pendleton v. Parke-Davis*, No. 00-2736, 2001 WL 96408, *4 (E.D. La. 2001) (Porteous, J.)(waiver ineffective absent record evidence that representative parties obtained authorization from putative class members). And, as the parties here recognize, under 28 U.S.C. §1367, only the claims of one plaintiff must exceed $75,000, exclusive of interest and costs, to provide supplemental federal diversity jurisdiction under 28 U.S.C. §1367 over the entire action. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873-74, 876 (5th Cir. 2002); *In re Abbott Laboratories*, 51 F.3d 524, 527-30 (5th Cir. 1995). Thus, given that the named plaintiffs chose to file this suit as a class action, rather than proceeding with only their individual claims, the named plaintiffs must accept the jurisdictional consequences of that decision.

## CONCLUSION

For the foregoing reasons, under the particular circumstances presented, the Court finds that 28 U.S.C. §1332 provides subject matter jurisdiction in this action. Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**. **IT IS FURTHER ORDERED** that,

within seven (7) working days from entry of this Order and Reasons, Defendant must file a responsive pleading to Plaintiffs' petition. Accordingly, Defendant's Ex Parte Motion for Extension of Time and/or Stay (Rec. Doc. 8) is **MOOT**.

New Orleans, Louisiana, this 28th day of January 2009.

_____
**Kurt D. Engelhardt**
**United States District Judge**