UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARIS DITCHARO, EUGENE GALLAND, BRETT MAJORIA, AND OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO. 08-3648 |
| UNITED PARCEL SERVICE | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is Defendant's Motion to Dismiss and/or for More Definite Statement (Rec. Doc. 31). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** and that Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiffs, Paris Ditcharo, Eugene Galland, and Brett Majoria ("Plaintiffs), were hired by Defendant between August 29, 2005, and December 25, 2005. Plaintiffs contend that, although they purportedly were hired as full-time, "permanent" (non-seasonal) employees, rather than seasonal, temporary employees, they later were terminated, or changed to part-time or non-driver employees, at the end of the seasonal peak, *i.e.* between December 25, 2005, and January 25, 2006. Plaintiffs purport to sue on behalf of themselves and at least 70 other individuals allegedly hired under the same circumstances as Plaintiffs.

1

Significantly, this is the second time that this Court has been presented with this dispute. Plaintiffs Ditcharo and Majoria previously filed a putative class action in this Court based on the same factual circumstances.[1] On January 17, 2008, however, this Court, having already provided them with an opportunity to sufficiently amend their class action allegations, determined that Ditcharo and Majoria still had not satisfied the pleading requirements of Local Rule 23.1. Accordingly, the Court granted Defendant's motion to dismiss insofar as it ordered Ditcharo's and Majoria's class action claims dismissed without prejudice, and stated that those plaintiffs would be allowed, at most, to proceed with respect to only their individual claims. In addition, the Court found that Ditcharo and Majoria had not sufficiently pled that the monetary recovery sought by them satisfied the amount in controversy requirement established by 28 U.S.C. § 1332. Accordingly, the Court ordered that Ditcharo and Majoria amend their pending claims to remedy this pleading deficiency.[2]

Thereafter, rather than amending their complaint a second time, Ditcharo and Majoria filed an unopposed motion seeking dismissal without prejudice of their remaining, individual claims. According to the motion, their additional investigation revealed that neither of them could claim damages equaling or surpassing $75,000 exclusive of interest and costs.[3] The Court granted the motion on January 29, 2008.[4]

A little more than a month later, on March 7, 2008, Plaintiffs here filed the instant

---

[1] *See Brett M. Majoria, Paris Ditcharo, and Others Similarly Situated v. United Parcel Service, Inc.*, Civil Action No. 06-11266.

[2] *See* Civil Action No. 06-11266 (Rec. Doc. 45).

[3] *See* Civil Action No. 06-11266 (Rec. Doc. 46).

[4] *See* Civil Action No. 06-11266 (Rec. Doc. 47).

suit as a putative class action in state court. Asserting diversity of citizenship jurisdiction under §1332, Defendant removed the action to this Court on June 5, 2008. In response, Plaintiffs urged that no plaintiff's claims exceeds $75,000, exclusive of interest and costs,[5] and, with their motion sought remand to state court. On January 28, 2009, this Court denied Plaintiffs' motion to remand.[6]

## LAW AND ANALYSIS

Defendant asks this Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant alleges that Plaintiffs' allegations are inadequate relative to their putative class action, and in stating claims under Louisiana law for breach of contract and detrimental reliance. The Court agrees. As recounted above, this Court previously identified pleading deficiencies in Ditcharo's and Majoria's class action allegations, as well as their claims of fraud and detrimental reliance.[7] Plaintiffs' current allegations likewise contain material deficiencies.

In particular, Plaintiffs offer no factual support for their conclusory assertion that they are "adequate representatives" of the proposed class, as is required by Rule 23(a) of the Federal Rules of Civil Procedure.[8] *See* Fed. R. Civ. P. 23. Indeed, their opposition memorandum arguably seems to suggest the contrary.[9] Nor have they properly identified the type of class action, under Rule 23(b), at issue. Whereas the petition suggests reliance on Rule 23(b)(3), Plaintiffs' opposition

---

[5] There is no dispute as to the parties' diversity of citizenship.

[6] *See* Rec. Doc. 27.

[7] *See* Civil Action No. 06-11266 (Rec. Doc. 45).

[8] Although Plaintiffs commenced this action in state court, Article 591 of the Louisiana Code of Civil Procedure imposes the same requirement. *See* La. Code Civ. P. art. 591.

[9] *See* Plaintiffs' Opposition (Rec. Doc. 35) at pp. 6, 8-9.

memorandum points to Rule 23(b)(2). *See* Fed. R. Civ. P. 23(b). Both, however, are problematic. Plaintiffs' petition offers only a conclusory assertion regarding the predominance of common questions of law and fact and the superiority of proceeding as a class action. And monetary relief, which Plaintiffs undisputedly seek, only may be obtained in a Rule 23(b)(2) class actions if requests for injunctive or declaratory relief predominate over requests for monetary relief. *See, e.g., Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411-15 (5th Cir. 1998)(determining that monetary relief predominates unless it is incidental to the requested injunctive or declaratory relief). Plaintiffs have made no effort – in their petition or opposition memorandum – to demonstrate even an arguable basis for the Court to conclude that this requirement is met here.

Plaintiffs' substantive allegations likewise fall short. First, Plaintiffs' opposition memorandum offers no response to Defendant's motion relative to their breach of contract claims. As such, the Court finds this aspect of the motion to be unopposed. Next, though Plaintiffs' memorandum discusses their detrimental reliance claims, these efforts are to no avail. The Court is willing to assume *arguendo* that, in this instance, "reasonable reliance" could be a question of fact, as Plaintiffs urge, *and* that Plaintiffs' factual allegations are sufficient relative thereto. Even so, Plaintiffs fail to identify, in their petition and their opposition memorandum, any "change in position" by them as a result of their reliance on Defendant's alleged representations. Given that "change in position" is an essential element of a detrimental reliance claim, as reflected in Plaintiffs' opposition memorandum, this pleading omission is a fatal one.

Furthermore, given the procedural background of this dispute, the Court declines to allow Plaintiffs an opportunity to amend. Here, Plaintiffs Ditcharo and Majoria previously were allowed a *second* opportunity to amend their complaint – including with respect to identifying the

4

"detriment" allegedly suffered by them, but instead chose to dismiss their case without prejudice. Then, after the dispute returned to federal court, Plaintiffs did not seek to amend their state court petition when presented with a motion to dismiss. Nor, significantly, does their opposition memorandum suggest that these pleading deficiencies can be easily and quickly remedied. Accordingly, the Court finds no reason to give this action a second chance at survival.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 31) is **GRANTED**. Under the circumstances, **IT IS FURTHER ORDERED** that Plaintiffs' claims in this action are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of September 2009.

_____
**Kurt D. Engelhardt**
**United States District Judge**